## Case No. 15,693.

UNITED STATES v. McKIM et al.

[10 Int. Rev. Rec. 74; 3 Pittsb. Rep. 155; 16 Pittsb. Leg. J. 133; 2 Am. Law T. Rep. U. S. Cts. 153.]

District Court, W. D. Pennsylvania. 1869.

INTERNAL REVENUE — DISTILLERY APPARATUS — FAILURE TO CONSTRUCT ACCORDING TO LAW — PENALTY — INTENT TO DEFRAUD.

1. A distiller failed to construct and arrange his distillery apparatus in accordance with the provisions of section 16 of the act of July 20, 1868 [15 Stat. 131], and action was brought to recover the penalty of $1,000, alleged to have been thereby incurred under section 96 of said act [Id. 164]. Held, a person who engages in the manufacture of distilled spirits must comply with all of the requirements of the United States revenue laws, and unless he does so has no authority to manufacture the same.

2. The distiller incurred the penalty in question by omitting to do what the law commanded, and this without any fraudulent or criminal intent.

3. To incur the penalty denounced by section 96 of the act of July 20, 1868, it is not necessary that the offender should act with intent to defraud the revenue.

This was an action of debt brought for a penalty of $1000, alleged to have been incurred by the defendants [William McKim & Co.] in failing to construct and arrange their distillery apparatus in accordance with the requirements of section 16, of the act of July 20, 1868. It was put in evidence that the apparatus was so constructed that access could be had to the spirits between the outlet of the worm and the cistern room, and that spirits might have been abstracted in fraud of the revenue, though it was not alleged that any were so abstracted.

Mr. Carnahan, U. S. Dist. Atty.

A. M. Brown, and David Reed, for defendants.

McCANDLESS, District Judge (charging jury). I cannot agree with the learned counsel for the defendants, in the points submitted by them. This is not a case parallel to those before my Brothers Drummond and Leavitt, at Chicago and Cincinnati. It is not a case of forfeiture, dependent upon an intent to defraud the government. or of fraud actually perpetrated. The government does not claim that the revenue has been defrauded, or that even such was the design of the parties in failing to comply with the requisitions of the law. The minute details enumerated in the statute, necessary for the construction of a distillery, almost equal to those required for the erection of King Solomon's temple, where each cubit was particularized, were for the purpose of preventing fraud, which former laws seemed inadequate to meet.

This is an action for the recovery of a penalty imposed for not doing that which the law commands, or doing that which the law forbids. It is averred that the cisterns were not so constructed as to prevent the abstraction of spirits while passing from the outlet of the worm and forward to the receiving cistern. And that the apparatus was so arranged that free access was had to the spirits between the outlet of the worm and the cistern room, and that while the spirits were so passing, they might be abstracted, to the prejudice of the public revenue. If you believe the witnesses on the part of the government, such was the case in this distillery. But it is contended that under the ninety-sixth section this must be "willfully and knowingly" done. So it must. And Mr. McKim with the candor which becomes his character, admits it was done by him for the reason that if the opening in the receiving tub [1] had not been made, he could not see whether what was passing from the worm was high or low wines, that the pressure from the stills forced up the undistilled mash, and that he could not manufacture whisky without it. No man is compelled to manufacture whisky, and no person is authorized to make it unless he complies with all the requirements of the act of congress. These are enjoined to prevent the possibility of frauds, and courts and juries will be derelict in duty when these salutary provisions are permitted to be frittered away by judicial legislation. The interpretation given to the words "knowingly and willfully" is constrained, and does not fit the argument for the defense, without an interpolation of the statute, by adding "with intent to defraud the revenue." Under the act no such intent is necessary. The penalty is incurred, the offense complete, when the defendants "have left undone those things which they ought to have done" ("and done things which they ought not to have done"); and this without any fraudulent or criminal intent.

The jury then retired, and after a brief absence returned a verdict for the United States in the sum of $1.000, the amount of the penalty imposed by the law.

[1] The learned judge, if he is correctly reported, probably here intended "separator" instead of "receiving tub," as it is at the separator that the indication is given. as to the strength of the spirits.